UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RI SPC,

    Plaintiff,                                        Civil Action No. 14-CV-12212

vs.                                          HON. BERNARD A. FRIEDMAN

GALLANT STEEL, INC.,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO AMEND THE COMPLAINT**

This matter is presently before the Court on defendant's motion to dismiss [docket entry 13] and on plaintiff's motion for leave to amend (couched within its response to defendant's motion to dismiss). Response and reply briefs have been filed. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide the motions without a hearing.

This is a replevin action. Plaintiff seeks to recover certain manufacturing equipment allegedly in defendant's possession. Plaintiff claims it has a security interest in the equipment based on various "Agreements signed by Plaintiff and Ascalon Enterprises LLC, Revstone Industries, LLC, and George S. Hofmeister, . . . ." Compl. ¶ 21. Plaintiff also seeks damages for defendant's alleged unjust enrichment from using the equipment without paying for its use.

In its motion to dismiss, defendant Gallant Steel, Inc. ("Gallant") argues among other things that the documents cited in the complaint do not give plaintiff an enforceable security interest in the equipment. In response, plaintiff appears to acknowledge that the security interest it seeks to enforce was not created by the agreements specified in the complaint, but rather by a different security agreement (a copy of which is attached as Ex. 1 to plaintiff's response brief), in

combination with the others, and a UCC financing statement (a copy of which is attached as Ex. 2 to plaintiff's response brief), neither of which documents were cited in or attached to the complaint. Plaintiff asks that the pleading defect be excused because defense counsel is aware of Ex. 1. Alternatively, plaintiff asks that the Court allow it to amend the complaint to cure the pleading defect.

Dismissal of the complaint in its current form is clearly appropriate, as it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007). Specifically, the documents cited in the complaint[1] do not establish that plaintiff has a security interest in "all equipment referenced in

---

[1] The documents cited in and attached to the complaint are:

- A June 14, 2012, Non-Negotiable Promissory Note in which Revstone Industries, LLC ["Revstone"], as "borrower," promised to pay $25 million, or the remaining outstanding balance of loaned funds, to RI SPC, as "lender," upon demand after the October 15, 2012, maturity date. Repayment was guaranteed by an April 6, 2012, personal guaranty of George Hofmeister and a guaranty of Ascalon Enterprises, LLC ["Ascalon"], which in turn was "secured by the Pledged Collateral" as defined in a separate Pledge Agreement. This note, which is signed by Hofmeister, on behalf of Revstone, as its chairman, is attached to the complaint as Ex. 1.

- A June 14, 2012, Securities Pledge Agreement between Ascalon, as "pledgor," and RI SPC, as "lender," which identifies Revstone, as "borrower," as a wholly owned subsidiary of Ascalon. In this agreement Ascalon pledged certain shares in Revstone and Spara, LLC ["Spara"] as collateral to secure Ascalon's obligations as a guarantor of Revstone's repayment on the note. The agreement is signed by Hofmeister, on behalf of Ascalon, as its chairman; by Hofmeister, on behalf of Revstone and Spara, as the chairman of each; and by Ali iMalihi, on behalf of RI SPC, as its investment manager. It is attached to the complaint as Ex. 2.

- A June 14, 2012, Ascalon Guaranty between Ascalon, as "guarantor," and RI SPC, as "lender," in which Ascalon guaranteed Revstone's obligations under the note. In ¶ 7 of this guaranty, Ascalon granted RI SPC "a continuing lien on and security interest in all securities or other property belonging to [Ascalon] now or

Exhibit A to Exhibit 4." Compl. ¶ 12. While the complaint alleges that defendant is using this equipment, is benefitting from the use thereof and has not paid for it, *id.* ¶¶ 12-14, the documents show no connection at all between plaintiff and the equipment, to say nothing of plaintiff's, or anyone else's, security interest therein. As noted in the brief summaries of the various documents referenced in and attached to the complaint, *see* n.1, *supra*, plaintiff has plausibly alleged only that it loaned money to Revstone, that Ascalon and Hofmeister have guaranteed repayment in the event Revstone defaults, and that Ascalon has pledged certain shares as security for its guaranty. Therefore, Gallant (which is not mentioned in and did not sign any of the documents) convincingly argues that the complaint fails to state a claim against it for replevin or unjust enrichment, as there is no plausible allegation that plaintiff has a security interest in the property in question, that

---

    hereafter held by [RI SPC] or its agent and in all deposits and other sums credited by or due from [RI SPC] to [Ascalon]." This guaranty, which is signed by Hofmeister, on behalf of Ascalon, as its chairman, is attached to the complaint as Ex. 3.

- A June 14, 2012, Ratification of Guaranty Agreement, in which Hofmeister ratified his April 6, 2012, personal guaranty (securing Ascalon's performance under a $10 note in favor of SI SPC to Ascalon), and guaranteeing Revstone's performance (up to $10 million) under the June 14, 2012, $25 million note, which replaced the earlier note. This guaranty, which is signed by Hofmeister, individually, and by Ali Malihi, on behalf of RI SPC, as its investment manager, is attached to the complaint as part of Ex. 4.

- The Personal Guaranty of George S. Hofmeister (signed by Ali Malihi on behalf of RI SPC as its president, but not signed by Hofmeister and not dated), in which Hofmeister guaranteed Ascalon's performance under a note ("dated the same day as this Guaranty") in favor of RI SPC. This is attached to the complaint as part of Ex. 4.

- A document entitled only Exhibit A (with the address 17591 West Austin Road, Manchester, Michigan, written below it), which is not signed, dated, or referenced in any of the above-summarized documents, identifying various pieces of machinery. This is attached to the complaint as part of Ex. 4.

3

Revstone or the guarantors have committed any default that would entitle plaintiff to pursue whatever collateral secured the performance of these parties' obligations under the note, that the equipment is sufficiently described in order to give rise to a security interest therein, or that plaintiff has conferred any benefit upon defendant that might give rise to an unjust enrichment claim.

Although dismissal of the complaint would be appropriate, courts prefer to resolve disputes on the merits, and not based on pleading deficiencies. The Court shall therefore grant plaintiff's motion for leave to amend in order to cure the various pleading defects. As noted, plaintiff assets that it can meet its burden under *Iqbal* by alleging the existence of other documents "[m]istakenly missing from Plaintiff's Complaint . . ." Pl.'s Br. at 1. However, the Court reminds plaintiff of its obligation under Fed. R. Civ. P. 11(b) to ensure that its allegations and claims are made "after an inquiry reasonable under the circumstances" and are warranted under the law and "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." If plaintiff elects to amend the complaint, it should not only cite to and attach documents showing that it has a security interest in the equipment in question, but also allege plausibly that defendant (and not some other entity) possesses the equipment and that plaintiff's security interest has been triggered by a default in the underlying obligations. Accordingly,

IT IS ORDERED that plaintiff's motion for leave to amend the complaint is granted. Plaintiff may amend the complaint within ten days of the date of this order. If plaintiff fails to do

so, the Court shall grant defendant's motion and dismiss the complaint.

                                                    S/Bernard A. Friedman  
                                                    BERNARD A. FRIEDMAN  
                                                    SENIOR UNITED STATES DISTRICT JUDGE

Dated: February 11, 2015  
       Detroit, Michigan